UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


CLINT JERVIS,

      Plaintiff,

v.                                                    Case No. 8:24-cv-02751-AEP

FRANK BISIGNANO,
Commissioner of Social Security,[1]

      Defendant.
_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

## I.

### A.    **Procedural Background**

Plaintiff applied for a period of disability, DIB, and SSI (Tr. 226–30). Plaintiff's DIB claim was dismissed after he amended his alleged onset date, so this action only concerns his SSI claim (Tr. 18). The Social Security Administration

---

[1] Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Bisignano should be substituted as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 97–133). Plaintiff then requested an administrative hearing (Tr. 134–35). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 42–62). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 15–26). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–4, 8–12). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1967, claimed disability beginning November 4, 2021 (Tr. 18, 231). Plaintiff obtained a high school education (Tr. 25). Plaintiff's past relevant work experience included work as a pipefitter helper (Tr. 25). Plaintiff alleged disability due to hearing loss, post-traumatic stress disorder ("PTSD"), bipolar disorder, attention deficit hyperactivity disorder ("ADHD"), and schizophrenia (Tr. 266).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through September 30, 2015 and had not engaged in substantial gainful activity since November 4, 2021, the amended alleged onset date (Tr. 20). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: obesity; degenerative changes in the shoulders and right knee; PTSD; schizoaffective

2

disorder; mood disorder; and substance abuse (Tr. 21). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 21). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform medium work, except that due to his mental impairments he is limited to simple work (Tr. 23). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 23).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform any past relevant work (Tr. 25). Given Plaintiff's background and RFC, the ALJ determined that the Medical Vocational Rules dictate that significant numbers of unskilled jobs exist in the national economy that Plaintiff can perform (Tr. 26). Accordingly, based on Plaintiff's age, education, work experience, and RFC, the ALJ found Plaintiff not disabled (Tr. 26).

## II.

To be entitled to benefits, a claimant must be disabled, meaning they must be unable to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of their prior work, step five of the evaluation requires the ALJ to decide whether the claimant can do other work in the national economy, given their age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable

to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the

court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law or to provide the reviewing court with sufficient reasoning to determine that they have conducted the proper legal analysis mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

**III.**

Plaintiff asserts several errors by the ALJ: (1) the ALJ articulated an RFC finding that is improperly vague and does not describe the full limiting effects of Plaintiff's impairments; (2) the ALJ's minimal discussion of the record precludes meaningful judicial review; and (3) the ALJ failed to develop the record because he did not procure any mental health opinion despite identifying a severe mental impairment. For the following reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

**A.    The ALJ's RFC Determination Limiting Plaintiff to "Simple Work"**

Plaintiff argues that the ALJ's RFC limiting Plaintiff to "simple work" was vague and did not account for Plaintiff's moderate limitations in understanding, remembering, or applying information, and concentrating, persisting, or maintaining pace (Doc. 14, at 11–12). Defendant argues that courts in the Eleventh Circuit and within this district have found that an RFC limiting a claimant to simple or unskilled work accounts for each of these functional domains (Doc. 18, at 7–8). In his reply, Plaintiff emphasizes that he has limitations in *both* functional domains, whereas Defendant's cases apply only to one or the other (Doc. 19, at 5–7).

First, the Court rejects Plaintiff's argument that "simple work" is improperly vague. The ALJ clarifies that Plaintiff can perform "unskilled" work at the medium exertional level as defined by 20 C.F.R. § 416.968(a) because this work consists of "simple duties," which are "'duties that can be learned on the job in a short period of time' and which require 'little or no judgment'" (Tr. 26). Further, Plaintiff's argument that an ALJ's duty to account for a claimant's limitations applies "with even greater urgency" where a claimant has moderate limitations in understanding, remembering, or applying information, and concentrating, persisting, or maintaining pace is unsupported. Citing no case law, Plaintiff argues that, even though a "simple work" limitation has been accepted to account for moderate limitations in each of the two functional domains, somehow this limitation cannot apply to a situation where the claimant has moderate limitations in both functional

7

domains. As explained below, the "simple work" limitation properly accounts for Plaintiff's limitations in both functional domains.

Plaintiff relies on *Winschel* to support his argument that the RFC limiting Plaintiff to "simple work" does not adequately account for his moderate limitations in concentrating, persisting, or maintaining pace. In *Winschel*, the Eleventh Circuit held that the ALJ erred by not including the claimant's moderate limitation in maintaining concentration, persistence, and pace in the hypothetical question to the VE. 631 F.3d at 1181. However, the Eleventh Circuit clarified that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* at 1180.

*Winschel* is distinguishable from the instant case because the Plaintiff's argument is not about the hypothetical question to the VE but the RFC assessment itself. Further, the ALJ supports the Plaintiff's ability to engage in simple duties using medical evidence of record. The ALJ opined:

> Despite his mental impairments, when not during a substance induced periodic crisis, the claimant is typically found upon examination to be cooperative, alert, fully oriented, with intact memory, proper eye contact, to be appropriately dressed and groomed, with logical though processes, no cognitive deficits, a full affect, to have no delusions or hallucinations, with intact impulse control and fair insight and judgment.

(Tr. 24). Courts have found that similar record medical evidence is substantial evidence to support an ALJ's RFC determination where the ALJ limits a claimant

to simple or unskilled work to account for limitations in concentration, persistence, and pace. *See, e.g.*, *Maloy v. Comm'r of Soc. Sec.*, No. 8:15-CV-2587-T-JSS, 2017 WL 382724, at \*5 (M.D. Fla. Jan. 27, 2017); *Mijenes v. Comm'r of Soc. Sec.*, 687 F. App'x 842, 845–46 (11th Cir. 2017). Regarding the functional domain of understanding, remembering, or applying information, "cases analyzing this newer functional area are not as prevalent, but courts generally hold that a limitation in the RFC to simple or routine tasks is sufficient." *Enriquez v. O'Malley*, No. 8:23-CV-0374-TPB-SPF, 2024 WL 533150, at \*5 (M.D. Fla. Jan. 24, 2024), *report and recommendation adopted*, No. 8:23-CV-374-TPB-SPF, 2024 WL 519764 (M.D. Fla. Feb. 9, 2024). Thus, based on this record, the ALJ's "simple work" limitation is sufficient to account for moderate limitations in both relevant functional domains.

### B.    The ALJ's Discussion of the Evidence

Plaintiff argues that the ALJ's discussion of the evidence was insufficient because, although the record was over 5,000 pages, the ALJ only referenced the record in one paragraph with two pinpoint citations. Specifically, Plaintiff argues that the ALJ's discussion of the evidence was insufficient in two ways. First, Plaintiff argues the ALJ merely summarized the evidence and stated his conclusion when he was required to "state specifically the weight accorded to each item of evidence and why he reached that decision." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Second, Plaintiff accuses the ALJ of using highly selective "cherry-picked" references to the record. *See McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). Defendant responds that Plaintiff mischaracterizes the ALJ's decision,

which is supported by substantial evidence, and improperly attaches an exhibit summarizing Plaintiff's mental health treatment without arguing how that record is inconsistent with the ALJ's analysis.

Plaintiff's argument that the "ALJ's minimal explanation is facially inadequate" is not persuasive. As Defendant correctly notes:

> [T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is "not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole."

*Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)). Rather, the standard of review is "whether the ALJ's conclusion as a whole was supported by substantial evidence in the record." *Id.* Here, the ALJ supported his simple work limitation with substantial evidence in the record. He began by noting that Plaintiff's reported symptoms, including hallucinations, irritability, insomnia, and memory problems (Tr. 24). The ALJ then acknowledged Plaintiff's history of substance abuse in the treatment notes but noted that Plaintiff purports to no longer have an issue with substance abuse (Tr. 24). He then explained that examinations have shown Plaintiff to be "cooperative, alert, fully oriented, with intact memory, proper eye contact, to be appropriately dressed and groomed, with logical thought processes, no cognitive deficits, a full affect, to have no delusions or hallucinations, with intact impulse control and fair insight and judgment" when he is not abusing substances (Tr. 24). The ALJ then discussed the VA's disability rating and the state's medical experts' inability to render an opinion

before making the RFC determination (Tr. 24–25). Accordingly, the ALJ reasonably concluded that Plaintiff could perform simple work.

Plaintiff's argument that the ALJ selectively chose the evidence that supported a denial of benefits is equally unavailing. The ALJ acknowledged several pieces of record evidence that support Plaintiff's impairments. Specifically, the ALJ acknowledged that Plaintiff was diagnosed with PTSD, a mood disorder, schizophrenia, and substance abuse (Tr. 24). The ALJ recounted Plaintiff's reported symptoms and analyzed their interplay with the substance abuse noted in the record (Tr. 24). The ALJ accepted Plaintiff's testimony that he does not drink and no longer abuses substances outside of a few relapses (Tr. 24). Finally, the ALJ discussed the VA's 80% disability rating for Plaintiff and the lack of opinion from the state's medical experts (Tr. 24–25). Rather than cherry-pick the evidence favoring a denial of benefits, the ALJ engaged in a thoughtful analysis of the Plaintiff's RFC and "recognize[d] the claimant's impairment[s] limit his ability to work, just not as much as alleged" (Tr. 25).

### C.    The ALJ's Development of the Record

Finally, Plaintiff argues that the ALJ failed to develop the record because he did not procure a mental health opinion despite identifying a severe impairment. Relying on two unpublished cases from outside this district, Plaintiff asserts that, "[i]n the absence of any mental status assessment, the ALJ had a duty to order a consultative mental status examination to assess the severity of [Plaintiff's mental impairments]." *Sanchez v. Berryhill*, No. 1:17-CV-163-GRJ, 2018 WL 7351685, at

11

*10 (N.D. Fla. June 29, 2018); *see also Adonis C. v. Comm'r, Soc. Sec. Admin.*, No. 1:21-CV-658-AT, 2022 WL 17488711, at *5 (N.D. Ga. Sept. 19, 2022). Defendant responds that the ALJ satisfied his duty to develop the record by confirming with Plaintiff's counsel at the hearing that the record was complete and that he did not need to rely on a medical opinion to assess Plaintiff's RFC.

The ALJ has a basic duty to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). This duty exists even when the claimant is represented by counsel. *Cowart*, 662 F.2d at 735. However, "[t]he claimant has the burden of proving he is disabled, and is therefore responsible for producing evidence in support of the claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); 20 C.F.R. § 416.912(a), (c). Where the ALJ inquires whether the record is complete and the claimant's counsel replies that it is, the ALJ satisfies their duty to develop the record. *Rosen v. Comm'r of Soc. Sec.*, No. 5:19-CV-516-PRL, 2021 WL 9802333, at *4 (M.D. Fla. Mar. 8, 2021) (citing *Williams v. Comm'r of Soc. Sec.*, 703 F. App'x 780, 783 (11th Cir. 2017)). When that occurs, "any alleged error the ALJ may have made in not obtaining more recent medical records was invited." *Larry v. Comm'r of Soc. Sec.*, 506 F. App'x 967, 969 (11th Cir. 2013). Further, "[a] breach of the duty to develop the record requires remand only if the ALJ's failure to develop the record led to evidentiary gaps in the record, which resulted in unfairness or clear prejudice." *Rosen*, 2021 WL 9802333, at *4 (citing *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997)).

Here, the ALJ satisfied his duty to develop the record. The ALJ confirmed with Plaintiff's counsel at the administrative hearing that the medical record was complete, and the Plaintiff's pre-hearing brief confirmed that he believed the record was complete (Tr. 44–45, 320). Further, the ALJ did not err by limiting Plaintiff to simple work to account for his mental limitations in the absence of a medical expert opinion. "[T]he task of determining a claimant's residual functional capacity and ability to work rests with the administrative law judge, not a doctor." *Moore v. Soc. Sec. Admin., Comm'r*, 649 F. App'x 941, 945 (11th Cir. 2016) (citing 20 C.F.R. § 404.1546(c)); *see also Castle v. Colvin*, 557 F. App'x 849, 853–54 (11th Cir. 2014) (ALJ was not required to base his RFC finding on a doctor's opinion). "[T]he regulations do not require that an ALJ secure a medical source opinion before assessing a claimant's RFC." *Martin v. Comm'r of Soc. Sec.*, No. 8:22-CV-1435-JSS, 2023 WL 3644419, at *4 (M.D. Fla. May 25, 2023) (citing *Beegle v. Comm'r of Soc. Sec. Admin.*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's residual functional capacity is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive.")). The ALJ made the RFC assessment based on a complete medical record and supported his assessment with substantial evidence from the record. Even if the record had not been properly developed, Plaintiff points to no evidentiary gaps and fails to show any unfairness or prejudice that Plaintiff suffered. *See Rosen*, 2021 WL 9802333, at *4.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 25th day of February 2026.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record